**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MILLENS METAL RECYCLING OF KINGSTON, LLC, BARNEY MILLENS SCRAP & IRON INC. D/B/A CHARLES EFFRON & SON, and JOAN MILLENS,<br><br>                    Plaintiffs,<br><br>          -against-<br><br>PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br><br>                    Defendant. | Civil Action No.:_____ |

## COMPLAINT AND JURY DEMAND

Plaintiffs Millens Metal Recycling Of Kingston, LLC, Barney Millens Scrap & Iron Inc. d/b/a Charles Effron & Son, and Joan Millens. (collectively, the "Insureds" or "Plaintiffs"), by their attorneys Olshan Frome Wolosky LLP, for their Complaint, hereby allege as follows:

INTRODUCTION

1.     This action seeks a judicial declaration and order enforcing Plaintiffs' rights to have defense counsels' fees covered and paid under an insurance policy.  For years, the two corporate Plaintiffs operated a recycling business that bought and processed recycled metals and other materials for resale in the national and international markers.  In the summer of 2012, Plaintiff Joan Millens' husband, Barney Millens, passed away, leaving her with ownership of Millens and Charles Effron and responsibility for the day-to-day operations of that business. Now, Plaintiffs have been sued by one of their employees. That lawsuit seeks damages for alleged defamatory statements made by Plaintiffs at or around the time of the termination of the

employee.  Additionally, that employee has initiated an arbitration against the Plaintiffs seeking damages for alleged wrongful termination and breach of an employment contract.

2.      Plaintiffs purchased a Private Company Protection Plus insurance program from Defendant that included specific coverage for the defense of employment-related claims like these.  After Plaintiffs gave notice to Defendant of its claim and need for payment of its counsel, the Defendant acknowledged that it had an obligation to pay reasonable and necessary legal fees for counsel to represent Plaintiffs in both proceedings.  But, instead of promptly providing payment to counsel for work on these matters, Defendant has denied Plaintiffs the benefit of their insurance by refusing to make any defense cost payments and refusing to reimburse Plaintiffs at defense counsel's reasonable and ordinary rate.  Defendant's refusal to abide by its contractual obligation to pay defense costs causes Plaintiffs substantial hardship and financial harm, necessitating Plaintiffs request that this Court declare that Defendant has an obligation under the policy to pay Plaintiffs' defense costs and order Defendant to pay those costs at defense counsel's ordinary rate in a prompt and timely manner.

<u>THE PARTIES</u>

3.      Plaintiff Millens Metal Recycling Of Kingston, LLC, is a limited liability company organized under the laws of the State of New York with a principal place of business in the county of Ulster, New York.

4.      Plaintiff Barney Millens Scrap & Iron Inc. d/b/a Charles Effron & Son, is a corporation organized under the laws of the State of New York with a principal place of business in the county of Dutchess, New York.

5.      Plaintiff Joan Millens is an individual residing in Kingston, New York.

4032182-5

6.      Upon information and belief, Defendant Philadelphia Indemnity Insurance Company ("PIIC") is a corporation organized under the laws of the State of Pennsylvania with its principal place of business at One Bala Plaza, Suite 100, Bela Cynwyd, Pennsylvania.

### JURISDICTION AND VENUE

7.      The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because this is an action between citizens of diverse states and the amount in controversy exceeds $75,000, exclusive of interest and costs.  This Court has personal jurisdiction over PIIC because PIIC sold the policy to Millens and Charles Effron, New York companies, and, upon information and belief, because PIIC engages in continuous and systematic business activities in New York.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events at issue here occurred in this jurisdiction and the Court has personal jurisdiction over Defendant.  The New York lawsuit is venued in a state court located within this judicial district.

### THE INSURANCE POLICY

9.      In late 2015, PIIC sold Millens and Charles Effron a Private Company Protection Plus insurance policy, policy number PHSD1091577 (the "Policy"), with a policy period of October 29, 2015, to October 29, 2016.  A copy of the Policy is annexed to this Complaint as Exhibit A.  The Policy is comprised of a number of types of insurance coverage, including Employment Practices Liability Insurance ("EPL").

10.      Under the EPL coverage, the Policy has a one million dollar ($1,000,000) limit of liability with a $10,000 self-insured retention.  Millens is an Insured under the Policy as the Named Corporation listed on the Declarations Page.  PIIC acknowledges that Charles Effron is an Insured under the Policy.

11.     In addition to the entities, the Policy covers Individual Insureds, defined as

Individual Insured is "any individual who has been, now is or shall become a director, officer, …

Employee, volunteer, management committed member, or member of the Board of Managers" of

Millens.  Via a Business Advantage Pro-Pak Elite Coverage Endorsement, the Policy defines

"Employee" as follows:

> E. Employee means:
>
>> any natural person whose labor or service is engaged by and
>> directed by the Private Company, including part-time, seasonal,
>> leased and temporary employed persons as well as volunteers, but
>> only while that natural person is acting in his or her capacity as
>> such. Employee shall include Independent Contractor as defined
>> below.
>
>> Independent Contractor means an individual who is contracted to
>> perform services for the Private Company; provided that such
>> individual shall be deemed an Employee only if and to the extent
>> that the Private Company provides indemnification to such
>> individual for services rendered as if they were rendered by an
>> actual Employee of the Private Company….

12.     Joan Millens is an Insured under the Policy as the President and Managing Partner

of Millens and Charles Effron.  The Policy also insures the other defendants in the lawsuit,

Robert Moss, Alexander Rodetis, David Auringer, and David Lenefsky, as Insured Individuals

through their roles as Employees and/or volunteers acting on behalf of Millens.

13.     Under the EPL coverage, PIIC agreed to "pay on behalf of the Insured[s], Loss

from Claims made against the Insured during the Policy Period … for an Employment Practices

Act."  Under the terms of the Policy, Loss specifically includes "any reasonable and necessary

legal fees and expenses incurred in the defense of a Claim …."  The Policy defines a Claim to

including "a written demand for monetary or non-monetary relief," "a judicial or civil

4032182-5

proceeding commenced by the service of a complaint or similar pleading," and "an arbitration or mediation or other alternative dispute resolution proceeding…."

14.     The Policy defines and "Employment Practices Act" to include "wrongful dismissal, discharge or termination of employment," "breach of a written or oral employment contract," "employment related misrepresentation," and "employment related defamation (including libel and slander)" when such act has been alleged to be "committed or attempted by an Individual Insured in his/her capacity as an Individual Insured or by the Private Company."

15.     The Policy makes clear that its Insureds should not be out-of-pocket for the costs of defending covered claims.  The Policy provides that PIIC "shall advance Defense Costs prior to the final disposition of a Claim."

16.     The defense costs and potential damages resulting from the lawsuit and the arbitration constitute "Loss arising out of the same Wrongful Act and all Interrelated Wrongful Acts" under the Policy.  Consequently, the costs of defending both the lawsuit and the arbitration are "one Loss on account of one Claim" under the terms of the Policy.

<u>MR. SHER INSTITUTES THE ARBITRATION AND LAWSUIT</u>

17.     Richard Sher is a former employee of Millens that was terminated on June 22, 2016.  On July 29, 2016, Mr. Sher submitted a Verified Complaint And Demand For Arbitration (the "Arbitration Demand") to the American Arbitration Association naming Millens, Charles Effron, and Joan Millens as defendants.  A true and correct copy of the Arbitration Demand is annexed hereto as Exhibit B.  Prior to his termination, Mr. Sher was employed as a Vice President of both Millens and Charles Effron pursuant to an employment agreement entered on or around May 19, 2014.

5

18.     The arbitration was initiated pursuant to a provision in Sher's employment agreement.  Sher alleges he has a right to arbitration pursuant to an arbitration clause contained in the employment agreement.  Arbitration Demand at ¶ 15.

19.     In the Arbitration Demand, Mr. Sher asserts three "causes of action" against Millens, Charles Effron, and Joan Millens, asserting joint and several liability as against each of them.  Mr. Sher seeks redress for alleged wrongful termination, alleged breach of the employment agreement, and violation of New York labor law.  Arbitration Demand at ¶¶ 65-82.

20.     On August 31, 2016, Mr. Sher filed a Summons and Verified Complaint in the Supreme Court for the State of New York, Dutchess County, commencing the action styled *Richard Sher v. Joan Millens, et al.*, No. 052181/2016 (N.Y. Sup. Ct. Dutchess Cnty.) (the "Complaint").  A true and correct copy of the Complaint is annexed hereto as Exhibit C.[1]  The Complaint names Millens, Charles Effron, Joan Millens, Robert Moss, Alan Rodetis[2], David Auringer, and David Lenefsky as defendants.

21.     In the Complaint, Mr. Sher alleges that each of the defendants made "repeated and defamatory remarks [about Sher] published to employees, customers and vendors of Millens Metal and [Charles] Effron."  Complaint at ¶ 1.  Mr. Sher further alleges that "[t]hese remarks falsely impugned Plaintiff Richard Sher's competence and performance in his business and profession and falsely accused him of stealing money and assets from Joan Millens, Millens Metal and [Charles] Effron and converting that stolen money and assets to his personal benefit." *Id.*; *see also* Complaint at ¶¶ 16-20.

22.     In the Complaint, Mr. Sher asserts two causes of action against each of Millens, Charles Effron, Joan Millens, Robert Moss, Alexander Rodetis, David Auringer, and David

[1] Sher later amended the Complaint.  A true and correct copy of the November 4, 2016, Amended Complaint is annexed hereto as part of Exhibit D.
[2] The Complaint improperly names Alan Rodetis as a Defendant.  Mr. Rodetis' legal name is Alexander Rodetis.

6

Lenefsky.  Mr. Sher seeks damages based upon alleged slander per se and defamatory slander.

Complaint ¶¶ 25-43.

<u>PIIC ACKNOWLEDGES THAT IT MUST COVER PLAINTIFFS</u>

23.     Plaintiffs provided timely notice to PIIC of the Arbitration Demand.  PIIC

responded to that notice in a letter dated August 25, 2016 (the "August 25 Letter").  A true and

correct copy of the August 25 Letter is annexed hereto at Exhibit E.

24.     In the August 25 Letter, PIIC admitted that "the Complaint can be read as

asserting an insured Employment Practices Liability ("EPL") Claim against Insureds" under the

EPL coverage provided by the Policy.  PIIC further stated that it "recognizes the possibility of

coverage and its obligations to pay Defense Costs."  In addition to recognizing its obligation to

pay Defense Costs, Philadelphia purported to reserve its rights to deny coverage at a later date

pursuant to certain policy provisions.

25.     Because of this obligation to pay for the defense of the arbitration, PIIC purported

to assign counsel to represent the Insureds in the arbitration.  On September 29, 2016, the

Insureds responded to PIIC's offer, informing PIIC that the Insureds already had retained

independent counsel and providing information regarding the experience and qualification of that

counsel.  A true and correct copy of that September 29, 2016, letter is annexed hereto as Exhibit

F.  The Insureds also noted that PIIC's reservation of rights in the August 25 Letter entitles the

Insureds to independent counsel[3] of their own choosing to be paid by PIIC.  The Plaintiffs began

regularly forwarding the bills for their attorneys fees to PIIC.  To date, none of those bills have

been paid.

---

[3] All of the Insureds except for David Auringer are represented by Olshan Frome Wolosky LLP.  Mr. Rodetis is
separately represented by Heath Bender, Esq. of Varvaro, Cotter & Bender.

4032182-5

26.     On September 13, 2016, Plaintiffs provided timely notice to PIIC of the filing of

the Complaint.  Later, Plaintiffs forwarded an amended complaint filed by Sher in the New York

action on November 4, 2016, which reasserted the slander per se and the defamatory slander

causes of action against each Insured and added further factual allegations purportedly

supporting those causes of action.  In a letter sent to PIIC on November 15, 2016, Plaintiffs also

requested that PIIC provide its position regarding coverage for the New York lawsuit.  A true

and correct copy of that letter is annexed hereto as Exhibit G.

27.     In fact, between September 2016 and January 2017, Plaintiffs made more than

eight requests for PIIC to provide its position regarding coverage for the New York lawsuit.  In

addition to the November 15, 2016 correspondence, on December 12, 2016, Plaintiffs' defense

counsel and PIIC's coverage counsel held a telephone call regarding the status of the pending

matters.  Plaintiffs again requested that PIIC provide its coverage position and acknowledge its

defense obligation for the New York lawsuit.  Despite Plaintiffs' requests, PIIC did not provide

its coverage position until January 11, 2017.

28.     On January 11, 2017, PIIC wrote to the Insureds and admitted its obligation to

pay for the defense of the New York lawsuit (the "January 11 Letter").  A true and correct copy

of the January 11 Letter is annexed hereto as Exhibit H.  PIIC stated that "the Sher Complaint

asserts an insured Employment Practices Liability ("EPL") Claim" under the EPL coverage of

the Policy.  PIIC further stated that it "recognizes the availability of coverage and its obligation

to pay Defense Costs as that term is defined in the Policy."

29.     In the January 11 Letter, PIIC again purported to reserve its rights to deny

coverage on certain grounds.  In addition, while PIIC recognized that "Joan Millens qualifies as

an Insured under the Policy," it erroneously denied its obligation to pay for the defense of Robert

Moss, Alexander Rodetis, David Auringer, and David Lenefsky in the New York lawsuit.  PIIC took the position that none of them qualified as an "Employee" under the Policy, and, therefore, "it does not appear that Moss, Lenefsky, Rodetis or Auringer qualifies as an Individual Insured under the Policy."  PIIC also wrongly asserted that even if these individuals were Insureds under the Policy, "it does not appear that any of the defamatory comments attributed to these individuals are alleged to have been made in an insured capacity as an Employee."

30.     In the January 11, Letter, PIIC also acknowledged that "the Insureds have retained … Olshan Frome Wolosky, LLP, as defense counsel" for the New York lawsuit.  PIIC wrongfully attempted to limit the Plaintiffs coverage rights under the Policy by stating that "PIIC's approval of your appointment [of counsel] is conditioned upon counsel's compliance with PIIC's litigation management guidelines, including its approved hourly rates of $220/hr for partners; $160/hr for associates and $100/hr for paralegals."  The Policy contains no mention of either these litigation management guidelines or a limitation on the rate at which counsel is reimbursed for covered Defense Costs.  PIIC has no right to impose unilaterally extra-contractual limitations on its agreed-to obligation to pay Defense Costs.  The Policy requires PIIC to pay "any reasonable and necessary legal fees and expenses incurred in the defense of a Claim."

31.     Plaintiffs responded to the January 11 Letter on January 26, 2017 (the "January 26 Letter").  A true and correct copy of the January 26 Letter is annexed hereto as Exhibit I.  In that letter, Plaintiffs objected to PIIC's improper attempt to avoid its obligation to pay defense counsel's reasonable and ordinary rates.  Plaintiffs also noted that, despite repeated requests, PIIC had never sent Plaintiffs any "litigation management guidelines," even though PIIC was demanding consent to those guidelines before it would pay Defense Costs.  Plaintiffs also noted that during a December 12, 2016, conference call, counsel for Plaintiffs informed PIIC that its

proposed hourly rates for counsel were "unacceptable" and that PIIC's continued insistence that these unreasonable rates be accepted was in bad faith.

32.     In the January 26 Letter, Plaintiffs also explained that each of Robert Moss, Alexander Rodetis, David Auringer, and David Lenefsky qualified as an Individual Insured under the Policy.  Robert Moss and David Auringer were unpaid volunteers engaged by Millens and Charles Effron at the request of Ms. Millens to provide services related to operation and management of the companies.  These gentlemen qualify as Individual Insureds both as "volunteers" and as "Employees" under the Policy terms.  Mr. Rodetis provided financial review services to the companies, and, therefore, he is an Employee because he is a "natural person whose labor or service is engaged by and directed by" Millens.  Similarly, Mr. Lenefsky served as General Counsel and provided legal services to the companies, and he likewise qualifies as an "Employee" under the Policy.

33.     In the January 26 Letter, Plaintiffs also rejected PIIC's erroneous position that the liability alleged in the New York lawsuit did not arise out of alleged activity by the Insureds in their role as Employees.  A simple review of the allegations in the lawsuit reveals that the entirety of the defamation claims arise out of statements allegedly made in conjunction with the business of Millens and Charles Effron.  For example, the Amended Complaint alleges that the individuals made defamatory statements to the companies' employees, customers, and vendors causing damages to Mr. Sher.  *See* Amended Complaint, ¶¶ 18(c), 19, 24, 27-36.  Each individual is alleged to have been acting on behalf of Millens and Charles Effron at the time the statements were made.

34.     Given the urgent need to begin receiving the bargained-for advancement of the costs of defending both the arbitration and the New York lawsuit, Plaintiffs requested that PIIC

respond to the January 26 Letter by February 3, 2017.  As of the date of this filing, PIIC has

refused to respond.

35.     To date, the Insureds collectively have incurred $140,000 in Defense Costs,

exceeding the Policy deductible by $10,000.  Both the arbitration and the New York lawsuit are

ongoing, and the Insureds are incurring additional Defense Costs on a daily basis.

AS FOR A FIRST CLAIM FOR RELIEF<br>
<u>(DECLARATORY JUDGMENT AS TO PIIC'S OBLIGATION<br>
TO PAY DEFENSE COSTS)</u>

36.     Plaintiffs reassert and re-allege the allegations contained in paragraphs 1 through

35 above as if they were fully set forth herein.

37.     The Policy is a valid, binding and enforceable contract for insurance between,

*inter alia*, Millens on the one hand and PIIC on the other hand.

38.     Millens fully paid the Policy premiums and promptly provided notice to PIIC of

both the Arbitration demand and the Complaint.

39.     Millens, Charles Effron, and Joan Millens qualify as Insureds under the Policy

with respect to the allegations made in the Arbitration Demand.  Millens, Charles Effron, Joan

Millens, Robert Moss, Alexander Rodetis, David Auringer, and David Lenefsky all qualify as

Insureds under the Policy with respect to the allegations made in Complaint filed in the New

York lawsuit.  In the alternative, PIIC has an obligation to cover Millens for Defense Costs that

Millens is paying for Robert Moss, Alan Rodetis, David Auringer, and David Lenefsky because

of an indemnification obligation to those individuals.

40.     Notwithstanding the allegations made in the Arbitration Demand and the

Complaint, as well as the terms and conditions of the EPL coverage provided for by the Policy,

PIIC has wrongly refused and anticipatorily repudiated its obligation to pay for the defense costs

11

in the New York lawsuit of Robert Moss, Alexander Rodetis, David Auringer, and David Lenefsky.

41.     Notwithstanding the terms and conditions of the EPL coverage provided for by the Policy, PIIC has indicated its intent to breach its obligations and anticipatorily repudiated its obligations under the Policy to pay for the reasonable and necessary legal fees of Millens, Charles Effron, and Joan Millens in defending against the Arbitration Demand and the Complaint in the New York lawsuit.

42.     Pursuant to the terms and conditions of the EPL coverage provided for in the Policy, PIIC has an obligation to pay the Defense Costs incurred by each of the Plaintiffs, and PIIC has an obligation to advance those Defense Costs so that Plaintiffs do not have to bear the burden of paying counsel out-of-pocket.

43.     By reason of the foregoing, an actual and justiciable controversy exists between PIIC and the Plaintiffs.  Plaintiffs, therefore, seek a declaratory judgment that PIIC must pay and advance reasonable and necessary legal fees at its counsel's ordinary and customary rates in connection with the arbitration and the New York lawsuit.

AS FOR A SECOND CLAIM FOR RELIEF
<u>(BREACH OF CONTRACT)</u>

44.     Plaintiffs reassert and re-allege the allegations contained in paragraphs 1 through 43 above as if they were fully set forth herein.

45.     The Policy is a valid, binding and enforceable contract for insurance between, *inter alia*, Millens on the one hand and PIIC on the other hand.

46.     Millens fully paid the Policy premiums and promptly provided notice to PIIC of both the Arbitration demand and the Complaint in the New York lawsuit.

12

47.     Plaintiffs have provided PIIC with contemporaneous billing records from their defense counsel demonstrating incurred Defense Costs in excess of the deductible on the Policy.

48.     PIIC has breached the Policy by refusing to honor its obligations to advance and pay the Defense Costs incurred by Plaintiffs in connection with the Arbitration Demand and the Complaint in the New York lawsuit.

49.     As a result of PIIC's breach, Plaintiffs have been damaged in an amount not less than $75,000, plus interest, costs and attorneys' fees.

PRAYER FOR RELIEF

WHEREFORE Plaintiffs request that this Court:

(i)     Declare that PIIC has an obligation to pay and advance the costs of defending Millens, Chares Effron, and Joan Millens against the Arbitration Demand;

(ii)     Declare that PIIC has an obligation to pay and advance the costs of defending Millens, Chares Effron, and Joan Millens, Robert Moss, Alexander Rodetis, David Auringer, and David Lenefsky against the Complaint in the New York lawsuit;

(iii)     Declare that PIIC must pay reasonable and necessary legal costs at Plaintiffs' counsels ordinary and customary hourly rate;

(iv)     Declare that PIIC is not entitled to impose extra-contractual requirements on Plaintiffs as a condition to receiving bargained-for insurance coverage;

(v)     Award Plaintiffs damages in an amount to be determined at trial plus interest for the past incurred Defense Costs above the Policy deductible that PIIC has refused to pay;

(vi)     Award Plaintiffs their costs and reasonable attorneys' fees and expenses, together with pre-judgment and post-judgment interest thereon; and

4032182-5

(vii)    Award Plaintiffs such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues properly triable thereby.

Dated:  New York, New York
        February 17, 2017

                                        _/s Kyle Bisceglie_____
                                        Kyle C. Bisceglie
                                        Jeremy M. King
                                        Olshan Frome Wolosky LLP
                                        1325 Avenue of the Americas
                                        New York, New York  10119
                                        T:  (212) 451.2300
                                        F:  (212) 451.2222
                                        kbisceglie@olshanlaw.com
                                        jking@olshanlaw.com

                                        *Attorneys for Plaintiffs, Millens Metal Recycling Of Kingston LLC, Barney Millens Scrap & Iron Inc. d/b/a Charles Effron & Son, and Joan Millens*

14

4032182-5